UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

THOMAS D. RAFFAELE,

                              Plaintiff,

                 -against-

THE CITY OF NEW YORK; NEW YORK CITY
CIVILIAN COMPLAINT REVIEW BOARD;
RAYMOND W. KELLY, in his official capacity as Police
Commissioner of the City of New York; RICHARD A.
BROWN, in his official capacity as QUEENS DISTRICT
ATTORNEY; DANIEL O'LEARY, individually and in his
official capacity as an Assistant District Attorney for
Queens County; PETER A. CRUSCO, individually and in
his official capacity as an Assistant District Attorney of
Queens County; JON-KRISTIAN RZONCA, individually
and in his official capacity as a New York City Police
Officer; RICHARD LEE, individually and in his official
capacity as a New York City Police Officer, and "JANE
and JOHN DOE #1-20," individually and in their official
capacity as New York City Police Officers,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER ON BEHALF OF
DEFENDANTS CITY, CCRB,
KELLY, BROWN, O'LEARY,
AND CRUSCO**

13 CV 4607 (KAM) (VVP)

        Defendants City of New York, New York Civilian Complaint Review Board

("CCRB"), Raymond W. Kelly, Richard A. Brown, Daniel O'Leary, and Peter A. Crusco, by

their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their

answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiff purports to proceed as stated therein.

        2.      Deny the allegations as set forth in paragraph "2" of the complaint, except

admit that plaintiff purports to proceed as stated therein.

3.     Deny the allegations as set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4.     Deny the allegations as set forth in paragraph "4" of the complaint, except admit that plaintiff purports to lay venue as stated therein.

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "5" of the complaint.

6.     Deny the allegations as set forth in paragraph "6" of the complaint, except admit that the City of New York is a municipal corporation duly organized under the laws of the State of New York, and admit that the City of New York maintains a police department ("NYPD"), and respectfully refer the Court to the New York City Charter for a full recitation of the relationship between the City of New York and the NYPD.

7.     Deny the allegations as set forth in paragraph "7" of the complaint, except admit that the CCRB is a City Agency charged with investigation of certain complaints made against members of the NYPD, and respectfully refers the Court to Chapter 18-A of the New York City Charter for a full recitation of the relationship between the City of New York, the NYPD, and the CCRB.

8.     Deny the allegations as set forth in paragraph "8" of the complaint, except admit that at all times relevant to the acts alleged in the complaint, Raymond W. Kelly served as Commissioner of the New York City Police Department, and admit that plaintiff purports to proceed against him as stated therein.

9.     Deny the allegations as set forth in paragraph "9" of the complaint, except admit that at all times relevant to the acts alleged in the complaint, Richard A. Brown served as

the District Attorney for Queens County, and admit that plaintiff purports to proceed against him as stated therein.

10. Deny the allegations as set forth in paragraph "10" of the complaint, except admit that at all times relevant to the acts alleged in the complaint, Daniel O'Leary served as an Assistant District Attorney for Queens County, and admit that plaintiff purports to proceed against him as stated therein.

11. Deny the allegations as set forth in paragraph "11" of the complaint, except admit that at all times relevant to the acts alleged in the complaint, Peter A. Crusco served as an Assistant District Attorney for Queens County, and admit that plaintiff purports to proceed against him as stated therein.

12. Deny the allegations as set forth in paragraph "12" of the complaint, except admit that at all times relevant to the acts alleged in the complaint, Jon-Kristen Rzonca was employed by the City of New York as a member of the New York City Police Department, and admit that plaintiff purports to proceed against him as stated therein.

13. Deny the allegations as set forth in paragraph "13" of the complaint, except admit that at all times relevant to the acts alleged in the complaint, Richard Lee was employed by the City of New York as a member of the New York City Police Department, and admit that plaintiff purports to proceed against him as stated therein.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "14" of the complaint as they pertain to the "John Doe" police officers, except admit that plaintiff purports to proceed against them as stated therein.

15.     Deny the allegations as set forth in paragraph "15" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the New York City Comptroller's Office on or about August 29, 2012.

16.     Deny the allegations as set forth in paragraph "16" of the complaint, except admit that no payment or adjustment has been made with respect to the claims alleged in the Notice of Claim or the Complaint.

17.     Deny the allegations as set forth in paragraph "17" of the complaint.

18.     Deny the allegations as set forth in paragraph "18" of the complaint, except admit that the within action was commenced with the filing of a complaint on or about August 15, 2013.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "19" of the complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "20" of the complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "21" of the complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "22" of the complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "23" of the complaint.

24.     Deny knowledge or information sufficient to form a belief as tot the truth of the allegations as set forth in paragraph "24" of the complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "25" of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "26" of the complaint, except admit that, upon information and belief, an individual named Charles Menninger was handcuffed on or about June 1, 2012.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "27" of the complaint.

28.     Deny knowledge or information sufficient to form a belief as tot the truth of the allegations as set forth in paragraph "28" of the complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "29" of the complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "30" of the complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "31" of the complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "32" of the complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "33" of the complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "34" of the complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "35" of the complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "36" of the complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "37" of the complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "38" of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "39" of the complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "40" of the complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "41" of the complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "42" of the complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "43" of the complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "44" of the complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "45" of the complaint.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "46" of the complaint.

47.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "47" of the complaint.

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "48" of the complaint.

49.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "49" of the complaint.

50.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "50" of the complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "51" of the complaint.

52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "52" of the complaint.

53.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "53" of the complaint.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "54" of the complaint.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "55" of the complaint.

56.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "56" of the complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "57" of the complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "58" of the complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "59" of the complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "60" of the complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "61" of the complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "62" of the complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "63" of the complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "64" of the complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "65" of the complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "66" of the complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "67" of the complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "68" of the complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "69" of the complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "70" of the complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "71" of the complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "72" of the complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "73" of the complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "74" of the complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "75" of the complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "76" of the complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "77" of the complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "78" of the complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "79" of the complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "80" of the complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "81" of the complaint.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "82" of the complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "83" of the complaint.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "84" of the complaint.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "85" of the complaint.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "86" of the complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "87" of the complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "88" of the complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "89" of the complaint.

90.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "90" of the complaint.

91.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "91" of the complaint.

92.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "92" of the complaint.

93.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "93" of the complaint.

94.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "94" of the complaint.

95.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "95" of the complaint, except admit that at some point, plaintiff met with defendant O'Leary and communicated with the CCRB and Internal Affairs Bureau ("IAB").

96.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "96" of the complaint, except admit that at some point, plaintiff met with defendant O'Leary and communicated with the CCRB and Internal Affairs Bureau ("IAB").

97.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "97" of the complaint, except admit that plaintiff provided the District Attorney's Office with names of certain witnesses.

98.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "98" of the complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "99" of the complaint.

100.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "100" of the complaint, and state that at some point, "Mr. Rashid" was interviewed by the District Attorney's Office.

101.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "101" of the complaint, except admit that at some time defendant Crusco met with plaintiff.

102.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "102" of the complaint, except admit that at some point defendant Crusco met with plaintiff and informed plaintiff that the District Attorney's Office would not be prosecuting this matter.

103.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "103" of the complaint, and state that at some point, Mr. Rashid was interviewed by the District Attorney's Office.

104.     Admit the allegations as set forth in paragraph "104" of the complaint.

105.     Admit the allegations as set forth in paragraph "105" of the complaint.

106.     Admit the allegations as set forth in paragraph "106" of the complaint.

107.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "107" of the complaint.

108.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "108" of the complaint.

109.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "109" of the complaint.

110.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "110" of the complaint.

111.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "111" of the complaint.

112.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "112" of the complaint.

113.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "113" of the complaint.

114.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "114" of the complaint.

115.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "115" of the complaint.

116.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "116" of the complaint, as to what plaintiff "believes," but state that numerous civilian witnesses were interviewed by the Queens District Attorney's Office.

117.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "117" of the complaint.

118.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "118" of the complaint.

119.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "119" of the complaint.

120.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "120" of the complaint, except admit that "Mr. Rashid," at some point, did provide a statement to the Queens County District Attorney's Office.

121.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "121" of the complaint.

122.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "122" of the complaint.

123.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "123" of the complaint.

124.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "124" of the complaint.

125.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "125" of the complaint.

126.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "126" of the complaint.

127.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "127" of the complaint, except admit that "Mr. Rashid," at some point, gave a statement to the Queens County District Attorney's Office.

128.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "128" of the complaint, except admit that "Mr. Rashid," at some point, gave a statement to the Queens County District Attorney's Office.

129.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "129" of the complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "130" of the complaint.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "131" of the complaint.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "132" of the complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "133" of the complaint.

134.    Admit the allegations as set forth in paragraph "134" of the complaint.

135.    Admit the allegations as set forth in paragraph "135" of the complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "136" of the complaint.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "137" of the complaint.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "138" of the complaint, except admit that, at some point in time, defendant Crusco had a second meeting with plaintiff.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "139" of the complaint, except admit that at some point in time, defendant Crusco informed plaintiff, for a second time, that the Queens County District Attorney's Office would not be prosecuting this matter.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "140" of the complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "141" of the complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "142" of the complaint.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "143" of the complaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "144" of the complaint.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "145" of the complaint, except admit that at some point in time, defendant Kelly became aware of plaintiff's allegations.

146.    Deny the allegations as set forth in paragraph "146" of the complaint.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "147" of the complaint.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "148" of the complaint.

149.    Deny the allegations as set forth in paragraph "149" of the complaint, except admit that plaintiff purports to proceed as stated therein.

150.    In response to paragraph "150" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

151.   Deny the allegations as set forth in paragraph "151" of the complaint.

152.   Deny the allegations as set forth in paragraph "152" of the complaint, including each of its subparts.

153.   Deny the allegations as set forth in paragraph "153" of the complaint.

154.   Deny the allegations as set forth in paragraph "154" of the complaint, except admit that plaintiff purports to proceed as stated therein.

155.   In response to paragraph "155" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

156.   Deny the allegations as set forth in paragraph "156" of the complaint.

157.   Deny the allegations as set forth in paragraph "157" of the complaint, except admit that plaintiff purports to proceed as state therein.

158.   In response to paragraph "158" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

159.   Deny the allegations as set forth in paragraph "159" of the complaint.

160.   Deny the allegations as set forth in paragraph "160" of the complaint, except admit that plaintiff purports to proceed as stated therein.

161.   In response to paragraph "161" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

162.   Deny the allegations as set forth in paragraph "162" of the complaint.

163.   Deny the allegations as set forth in paragraph "163" of the complaint.

164.    Deny the allegations as set forth in paragraph "164" of the complaint.

165.    Deny the allegations as set forth in paragraph "165" of the complaint, except admit that plaintiff purports to proceed as stated therein.

166.    In response to paragraph "166" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

167.    Deny the allegations as set forth in paragraph "167" of the complaint.

168.    Deny the allegations as set forth in paragraph "168" of the complaint.

169.    Deny the allegations as set forth in paragraph "169" of the complaint.

170.    Deny the allegations as set forth in paragraph "170" of the compliant, except admit that plaintiff purports to proceed as stated therein.

171.    In response to paragraph "171" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

172.    Deny the allegations as set forth in paragraph "172" of the complaint.

173.    Deny the allegations as set forth in paragraph "173" of the complaint, except admit that plaintiff purports to proceed as stated therein.

174.    In response to paragraph "174" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

175.    Deny the allegations as set forth in paragraph "175" of the complaint.

176.    Deny the allegations as set forth in paragraph "176" of the complaint.

177.    Deny the allegations as set forth in paragraph "177" of the complaint.

178.    Deny the allegations as set forth in paragraph "178" of the complaint, except admit that plaintiff purports to proceed as stated therein.

179.    In response to paragraph "179" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

180.    Deny the allegations as set forth in paragraph "180" of the complaint.

181.    Deny the allegations as set forth in paragraph "181" of the complaint.

182.    Deny the allegations as set forth in paragraph "182" of the complaint.

183.    Deny the allegations as set forth in paragraph "183" of the complaint, except admit that plaintiff purports to proceed as stated therein.

184.    In response to paragraph "184" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

185.    Deny the allegations as set forth in paragraph "185" of the complaint, except admit that at all times relevant to the acts alleged in the complaint, defendant Kelly served as the Commissioner of the NYPD and defendant Rzonca served as a sergeant in the NYPD.

186.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "186" of the complaint.

187.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "187" of the complaint.

188.    Deny the allegations as set forth in paragraph "188" of the complaint.

189.    Deny the allegations as set forth in paragraph "189" of the complaint.

190.    Deny the allegations as set forth in paragraph "190" of the complaint.

- 19 -

191.    Deny the allegations as set forth in paragraph "191" of the complaint, except admit hat plaintiff purports to proceed as stated therein.

192.    In response to paragraph "192" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

193.    Deny the allegations as set forth in paragraph "193" of the complaint.

194.    Deny the allegations as set forth in paragraph "194" of the complaint.

195.    Deny the allegations as set forth in paragraph "195" of the complaint.

196.    Deny the allegations as set forth in paragraph "196" of the complaint.

197.    Deny the allegations as set forth in paragraph "197" of the complaint.

198.    Deny the allegations as set forth in paragraph "198" of the complaint.

199.    Deny the allegations as set forth in paragraph "199" of the complaint.

200.    Deny the allegations as set forth in paragraph "200" of the complaint.

201.    Deny the allegations as set forth in paragraph "201" of the complaint.

202.    Deny the allegations as set forth in paragraph "202" of the complaint.

203.    Deny the allegations as set forth in paragraph "203" of the complaint.

204.    Deny the allegations as set forth in paragraph "204" of the complaint.

205.    Deny the allegations as set forth in paragraph "205" of the complaint.

206.    Deny the allegations as set forth in paragraph "206" of the complaint.

207.    Deny the allegations as set forth in paragraph "207" of the complaint.

208.    Deny the allegations as set forth in paragraph "208" of the complaint.

209.    Deny the allegations as set forth in paragraph "209" of the complaint.

210.    Deny the allegations as set forth in paragraph "210" of the complaint, including each of its subparts.

211.    Deny the allegations as set forth in paragraph "211" of the complaint.

212.    Deny the allegations as set forth in paragraph "212" of the complaint, except admit that plaintiff purports to proceed as stated therein.

213.    In response to paragraph "213" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

214.    Deny the allegations as set forth in paragraph "214" of the complaint.

215.    Deny the allegations as set forth in paragraph "215" of the complaint.

216.    Deny the allegations as set forth in paragraph "216" of the complaint, except admit that plaintiff purports to proceed as stated therein.

217.    In response to paragraph "217" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

218.    Deny the allegations as set forth in paragraph "218" of the complaint.

219.    In response to paragraph "219" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

220.    Deny the allegations as set forth in paragraph "220" of the complaint.

221.    Deny the allegations as set forth in paragraph "221" of the complaint.

222.    Deny the allegations as set forth in paragraph "222" of the complaint.

223.    In response to paragraph "223" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

224.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "224" of the complaint.

225.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "225" of the complaint.

226.    In response to paragraph "226" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

227.    Deny the allegations as set forth in paragraph "227" of the complaint.

228.    Deny the allegations as set forth in paragraph "228" of the complaint.

229.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "229" of the complaint.

230.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "230" of the complaint.

231.    Deny the allegations as set forth in paragraph "231" of the complaint, except admit that plaintiff purports to proceed as stated therein.

**FIRST AFFIRMATIVE DEFENSE:**

232.    The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

233.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision

thereof, nor has defendants violated any Act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE:

234. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE:

235. Plaintiff cannot obtain punitive damages as against the City of New York.

### FIFTH AFFIRMATIVE DEFENSE:

236. At all times relevant to the acts alleged in the complaint, defendants Crusco and O'Leary acted reasonably, properly, lawfully, and in good faith exercise of their discretion. Consequently, defendants Crusco and O'Leary are entitled to prosecutorial immunity.

### SIXTH AFFIRMATIVE DEFENSE:

237. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

### EIGHTH AFFIRMATIVE DEFENSE:

238. Plaintiff may have failed to comply with the conditions precedent to suit, including, but not limited to New York General Municipal Law §§ 50-e, 50-h and/or 50-i.

### NINTH AFFIRMATIVE DEFENSE:

239. This action may be barred in, whole or in part, by the applicable statute of limitations.

**WHEREFORE,** defendants City of New York, New York Civilian Complaint Review Board ("CCRB"), Raymond W. Kelly, Richard A. Brown, Daniel O'Leary, and Peter A. Crusco, request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      September 27, 2013

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorneys for Defendants City, CCRB, Kelly,
Brown, O'Leary & Crusco*
100 Church Street, Room 3|216
New York, New York 10007
Tel:   (212) 356-2663
Fax:  (212) 356-3509

/s/
By: _____
    Virginia J. Nimick
    Assistant Corporation Counsel
    Special Federal Litigation Division

- 24 -

13 CV 4607 (KAM) (VVP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THOMAS D. RAFFAELE,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK; NEW YORK CITY CIVILIAN
COMPLAINT REVIEW BOARD; RAYMOND W. KELLY,
in his official capacity as Police Commissioner of the City of
New York; RICHARD A. BROWN, in his official capacity as
QUEENS DISTRICT ATTORNEY; DANIEL O'LEARY,
individually and in his official capacity as an Assistant
District Attorney for Queens County; PETER A. CRUSCO,
individually and in his official capacity as an Assistant
District Attorney of Queens County; JON-KRISTIAN
RZONCA, individually and in his official capacity as a New
York City Police Officer; RICHARD LEE, individually and
in his official capacity as a New York City Police Officer, and
"JANE and JOHN DOE #1-20," individually and in their
official capacity as New York City Police Officers,

                                        Defendants.

## ANSWER TO THE COMPLAINT

### *MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorneys for Defendants*
*100 Church Street*
*New York, N.Y.  10007*
*Of Counsel: Virginia J. Nimick*
*Tel:  (212) 356-2663*
*NYCLIS No. 2013-039672*

*Due and timely service is hereby admitted.*

*New York, N.Y.   ................................................. ,2013*

*............................................................................ Esq.*

*Attorney for City of New York*

- 25 -