

**THE CITY OF NEW YORK**

| | LAW DEPARTMENT | |
|---|---|---|
| **MICHAEL A. CARDOZO** | 100 CHURCH STREET | **VIRGINIA J. NIMICK** |
| *Corporation Counsel* | NEW YORK, NY 10007 | phone: (212) 356-2663 |
| | | fax: (212) 356-3509 |
| | | email: vnimick@law.nyc.gov |

September 30, 2013

**BY ECF**
Honorable Kiyo A. Matsumoto
United States District Court
Easter District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Thomas Raffaele v. City of New York, *et al.*
                 13 CV 4607 (KAM) (VVP)

                 Charles Menninger v. City of New York, *et al.*
                 13 CV 4987 (BMC)

Your Honor:

       I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to defend the above-referenced matters.[1] I write pursuant to Local Civil Rule 1.6(a) to notify the Court of related cases and to respectfully request that these two matters be consolidated before Your Honor for pre-trial purposes pursuant to Federal Rule of Civil Procedure 42(a).[2] Mr. Menninger, through his counsel, consents to this request. At the time of this writing, Mr. Raffaele's counsel has yet to respond to the undersigned's request for consent.

---

[1] In addition to defendant City of New York, in the matter of *Raffaele v. City*, this office also represents the Civilian Complaint Review Board ("CCRB"), Commissioner Kelly, Queens County District Attorney Richard Brown, and Assistant District Attorneys O'Leary and Crusco. In both of the above-matters, individual members of the New York City Police Department ("NYPD") have been named as defendants. However, because of an ongoing investigation by the CCRB, this office cannot yet offer representation to these officers.

[2] Defendants have addressed their request to Judge Matsumoto as the case with the lower docket number is before her, but express no opinion as to before which District Judge these matters be consolidated.

**FACTUAL AND PROCEDURAL BACKGROUND**

Both of the above-referenced matters concern an encounter with police officers on June 1, 2012 in the Jackson Heights neighborhood of Queens. Upon information and belief, officers responded to reports of a fight in the vicinity of the intersection of 37th Road and 74th Street. Upon arrival, they encountered plaintiff Charles Menninger brandishing a metal pipe. Menninger alleges that excessive force was used by the officers when subduing and handcuffing him. Menninger's complaint indicates that he was transported to Elmhurst Hospital, treated and released, without being charged with a crime. Plaintiff Thomas Raffaele claims that he witnessed the interaction between Menninger and the NYPD.[3] Mr. Raffaele alleges that although he was simply watching the interaction he was, without provocation, physically attacked by one of the officers on the scene. He further claims that despite numerous attempts to make a complaint against this officer, he was prevented from doing so and the matter was never properly investigated, either by the NYPD, the CCRB, or the Queens County District Attorney's Office.

Both Mr. Raffaele and Mr. Menninger allege that they were subjected to the excessive use of force. Both plaintiffs allege that the police department failed to properly investigate this matter and, at least to some extent, actively attempted to cover up what actually happened.

**APPLICATION**

Defendants respectfully request that these two matters be consolidated for pre-trial purposes. Federal Rule of Civil Procedure 42(a)(2) provides that if "actions before the court involve a common question of law or fact, the court may…consolidate the actions." FED. R. CIV. P. 42(a)(2). Where common questions of law or fact exist, consolidation is favored to "avoid unnecessary cost and delay" and to "expedite trial and eliminate unnecessary repetition and confusion." *Capp v. NYS DOT*, No. 10 CV 679 (JFB)(ARL), 2010 U.S. Dist. LEXIS 66068, at *3 (E.D.N.Y. June 22, 2010) (citations omitted). In addition, "[c]ases may be consolidated even where…certain defendants are named only in one of the complaints." *Id*. In deciding whether consolidation is appropriate, trial courts are vested with broad but not unfettered discretion. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). In exercising its discretion, "a district court should consider both equity and judicial economy." *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). For example, a court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one,

---

[3] Mr. Menninger's complaint actually references Mr. Raffaele as a witness to the incident (*see* Menninger Complaint at ¶¶ 34-35).

>and the relative expense to all concerned of the single-trial,
>multiple-trial alternatives.

*Ruane v. Cty. of Suffolk*, 923 F. Supp. 2d 454, 461 (E.D.N.Y. 2013) (quoting *Johnson*, 899 F.2d at 1285).

In the context of civil rights litigation, courts have ordered that discovery be coordinated in the interests of efficiency and conserving the resources of the courts and the parties. *See e.g., Fountain, et al. v. City of New York, et al.*, 03 CV 4526 (RWS)(MHD) (S.D.N.Y. June 10, 2005) (ordering twenty-one separate actions arising out of incidents at demonstrations during 2003, in which plaintiffs were represented by several different counsel, consolidated before Magistrate Judge for purposes of fact discovery).

Here, both matters share common questions of law and fact. Both concern a single event. Moreover, consolidating these matters will eliminate unnecessary repetition and confusion. Discovery in the two matters will be largely identical. Consolidation will eliminate the waste of repeatedly producing the same documents and repeatedly deposing the same parties. And, to the extent that discovery disputes do arise, consolidation of these matters will insure that there are not conflicting resolutions of the same disputes. Similarly, should these matters proceed to motion practice, consolidation will also insure that the same set of facts do not give rise to conflicting dispositive orders.

Finally, there is little risk of prejudice. To the contrary, bringing all parties into a single suit will allow for fuller development of the facts and reduce the risk of divergent rulings and repetitious discovery concerning the same incident.

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that *Thomas Raffaele v. City of New York*; 13 CV 4607 (KAM) (VVP) and *Charles Menninger v. City of New York, et al.*; 13 CV 4987 (BMC) be consolidated before Your Honor for pre-trial purposes pursuant to Federal Rule of Civil Procedure 42(a).

>MICHAEL A. CARDOZO
>Corporation Counsel of the City of New York
>*Attorney for Defendants*
>100 Church Street, Room 3|216
>New York, New York 10007
>Tel:   (212) 356-2663
>Fax:  (212) 356-3509
>
>                /s/
>By: _____
>   Virginia Jackson Nimick
>   Assistant Corporation Counsel
>   Special Federal Litigation Division

3

cc: Barak P. Cardenas, Esq. (by ECF)
*Attorney for Thomas Raffaele*

Kevin P. O'Donnell, Esq. (by ECF)
*Attorney for Charles Menninger*

Honorable Brian M. Cogan (by ECF)
United States District Court Judge

Honorable Viktor V. Pohorelsky (by ECF)
United States Magistrate Judge