# CARDENAS ISLAM & ASSOCIATES PLLC

**PLEASE REPLY TO NEW YORK OFFICE**

HILLSIDE OFFICE
175-61 HILLSIDE AVENUE, STE. 302
JAMAICA, NY 11432
TEL (347) 809-7810
FAX (914) 861-0099

WESTCHESTER OFFICE
75 S. BROADWAY, 4TH FLOOR
WHITE PLAINS, NY 10601
TEL: (347) 809-7810
FAX: (914) 861-0099

October 11, 2013

**BY ECF**
Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   THOMAS D. RAFFAELE V. CITY OF NEW YORK, et al
        Civil Action No. 13 CV 4607 (KAM) (VVP)

Dear Judge Matsumoto:

Our firm represents the plaintiff, Thomas D. Raffaele ("Judge Raffaele") in this matter and we are sending this letter in response to defendants September 30, 2013 letter application to consolidate with an action commenced by Mr. Charles Menninger ("Menninger") against the City of New York in this Court under Civil Action No. 13 CV 4987 (BMC). In addition, defendants sent a second letter, also dated September 30, 2013, clarifying that they sought to consolidate these matters "for discovery as well as dispositive motion practice and trial". While plaintiff consents to consolidating these matters for discovery, we object to such consolidation for trial as doing so would prejudice the parties.

Both cases involve incidents that occurred on June 1, 2012 at or near the intersection of 37th Road and 74th Street, Jackson Heights, NY. In addition, both plaintiffs were assaulted by the very same Police Officer. However, that is where the similarities end. While Mr. Menninger's suit is only against the City of New York and the Police Officers responsible for his injuries, Judge Raffaele's suit is against additional defendants including the New York City Civilian Complaint Review Board, Commissioner Raymond W. Kelly, Queens District Attorney Richard A. Brown and Queens Assistant District Attorney Daniel O'Leary. Judge Raffaele's suit includes additional defendants because his claims go well beyond alleged personal injuries suffered by Mr. Menninger on June 1, 2012. These claims include, conspiracy, neglect, defamation, and obstruction of justice, in part, stemming from actions taken by defendants solely against Judge Raffaele.

It is well settled that a court may order separate trials in order to (1) avoid prejudice; (2) provide for convenience; or (3) expedite proceedings and be economical. <u>Candelarie v. Scientific Innovations, Inc.</u>, 2011 US DIST LEXIS 87328 (EDNY August 3, 2011), <u>United States v. International Business Machines Corp.</u>, 60 F.R.D. 654, 657 (SDNY 1973). Only one of

these conditions have to be met for the Court to issue a separate trial.  Ismail v. Cohen, 706 F.Supp. 243, 251 (SDNY 1989).  In a complex case with complex issues, justice is often best served if issues are separated. Id., See also Organic Chemicals, Inc. v. Carroll Products, Inc., 86 F.R.D. 468 , 469 (W.D. Mich. 1980).

Here trying both actions together would prejudice Judge Raffaele.  Furthermore, it would not expedite proceedings or be economical.  It is our understanding that the entire incident at issue was allegedly caused because Mr. Menninger was brandishing a metal pipe during an altercation with unknown third parties.  The evidence surrounding Mr. Menninger's alleged aggressive acts may confuse the finders of fact into believing that Judge Raffaele was acting equally aggressively.  In actuality, Judge Raffaele was an innocent, passive bystander who was viciously attacked by a Police Officer for no reason.

Additionally, the evidence supporting Judge Raffaele's allegations of conspiracy, neglect, defamation and obstruction of justice are completely unnecessary to support Mr. Menninger's claims of brutal and excessive force and will only confuse the finders of fact.  See Ismail v. Cohen, 706 F.Supp. at 251,   See also Baxter Travenol Laboratories, Inc. v. LeMay, 536 F.Supp. 247, 250 (S.D. Ohio 1982).

These are complex issues that have no bearing on the claims brought by Mr. Menninger and thus it would be unnecessary to have them decided by the same finders of fact.  In addition, presenting such claims at a joint trial would likely cause juror confusion which would prejudice all parties involved.

In light of the above, we respectfully request that the Court deny defendants application to consolidate these matters for trial.

        Respectfully Submitted,

        CARDENAS ISLAM & ASSOCIATES, PLLC

        /S/
By:  _____
        **Barak P. Cardenas (BC-1276)**

CC:    Virgina Jackson Nimick (Via ECF)
        Attorney for City of New York, et al