

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

VIRGINIA J. NIMICK
phone: (212) 356-2663
fax: (212) 356-3509
email: vnimick@law.nyc.gov

November 8, 2013

**BY ECF**
Honorable Viktor V. Pohorelsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Thomas Raffaele v. City of New York, *et al.*
             13 CV 4607 (KAM) (VVP)

             Charles Menninger v. City of New York, *et al.*
             13 CV 4987 (KAM) (VVP)

Your Honor:

       I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to defend the above-referenced matters. As part of the discovery process, the parties have agreed that certain documents will be produced pursuant to a Protective Order. Attached, please find the proposed Confidentiality Stipulation and Protective Order for Your Honor's endorsement and filing.

       Thank you for your consideration of these matters.

                                        Respectfully submitted,

                                        /s/

                                        Virginia J. Nimick
                                        Senior Counsel
                                        Special Federal Litigation Division

copy:  Barak Cardenas, Esq. (by ECF)
       *Attorney for Plaintiff Thomas Raffaele*

       Kevin O'Donnell, Esq. (by ECF)
       *Attorney for Plaintiff Charles Menninger*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

THOMAS D. RAFFAELE,

                  Plaintiff,

              -against-

THE CITY OF NEW YORK; NEW YORK CIVILIAN COMPLAINT
REVIEW BOARD; RAYMOND W. KELLY, in his official capacity
as Police Commissioner of the City of New York; RICHARD A.
BROWN, in his official capacity as QUEENS DISTRICT
ATTORNEY; DANIEL O'LEARY, individually and in his official
capacity as an Assistant District Attorney for Queens County; PETER
A. CRUSCO, individually and in his official capacity as an Assistant
District Attorney of Queens County; JON-KRISTIAN RZONCA,
individually and in his official capacity as a New York City Police
Officer; RICHARD LEE, individually and in his official capacity as a
New York City Police Officer, and "JANE and JOHN DOE #1-20,"
individually and in their official capacity as New York City Police
Officers,

                  Defendants.

**CONFIDENTIALITY
STIPULATION AND ORDER**

13 CV 4607 (KAM) (VVP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

CHARLES MENNINGER,

                  Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER LEE (Shield
29494, 115th Precinct), and POLICE OFFICERS and
SUPERVISORS JOHN and JANE DOES 1-5,

                  Defendants.

-------------------------------------------------------------------- X

13 CV 4987 (KAM) (VPP)

**WHEREAS**, defendants City of New York, the New York Civilian Complaint Review Board, Raymond W. Kelly, Richard A. Brown, Daniel O'Leary, and Peter A. Crusco intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

**WHEREAS**, defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for plaintiff and defendants, as follows:

1. As used herein, "Confidential Materials" shall mean New York City Police Department ("NYPD") personnel and disciplinary related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board or other agency, and other documents that may, during the pendency of this litigation, be designated "Confidential Material" by defendants or the Court, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff(s) from sources other than defendants, or (b) are otherwise publicly available.

2. Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to plaintiffs' counsel. Defendants reserve the right to designate any documents confidential pursuant to this agreement if necessary after production of such documents to plaintiff(s). If plaintiff(s) object to the designation of particular documents as "Confidential Materials," plaintiffs shall state such objection in writing to the defendants, and the

parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then plaintiff shall, within 45 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

3. Plaintiffs' attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiffs' case in this action.

4. Plaintiffs' attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

   b. Disclosure before trial may be made only to plaintiffs, to an expert who has been retained or specially employed by plaintiffs' attorneys in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiffs' attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorney and a copy shall be furnished to defendants' attorneys upon their request.

5. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. The parties agree that, if any papers that incorporate Confidential Materials or reveal the contents thereof, are to be filed with the Court, the parties shall make a joint application to the Court for permission to file those papers under seal. Upon receipt of permission, the parties shall follow the District Court protocol for filing under seal.

7. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived there from, shall be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

8. This stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

9. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

| | |
|---|---|
| CARDENAS ISLAM & ASSOCIATES, PLLC<br>*Attorneys for Plaintiff Thomas D. Raffaele*<br>175-61 Hillside Avenue, Suite 302<br>Jamaica, New York 11432<br>Tel: (347) 809-7810<br>Fax: (914) 861-0099 | MICHAEL A. CARDOZO<br>Corporation Counsel of the City of New York<br>*Attorney for Defendants City of New York, New York Civilian Complaint Review Board, Raymond W. Kelly, Richard A. Brown, Daniel O'Leary, & Peter A. Crusco*<br>100 Church Street, Room 3\|216<br>New York, New York 10007<br>Tel: (212) 356-2663<br>Fax: (212) 356-3509 |

By: _____
BARAK PEDRO CARDENAS

By: _____
VIRGINIA JACKSON NIMICK

**KEVIN P. O'DONNELL, ESQ.**
*Attorney for Plaintiff Charles Menninger*
125-10 Queens Boulevard, Suite 15
Kew Gardens, New York 11415
Tel: (718) 261-4500
Fax: (718) 261-4509

By: _____
KEVIN P. O'DONNELL

SO ORDERED:

_____
HON. VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE-JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Eastern District of New York dated _____ in the actions entitled <u>Thomas D. Raffaele v. City of New York, et al.</u>, 13 CV 4607 (KAM) (VVP) and <u>Charles Menninger v. City of New York, et al.</u>, 13 CV 4987 (KAM) (VVP), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____    _____
              Date                                              Signature

                                                            _____
                                                                        Print Name

                                                            _____
                                                                        Occupation