UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
THOMAS D. RAFFAELE,

        Plaintiff,

    -v-

THE CITY OF NEW YORK; NEW YORK CITY
CIVILIAN COMPLAINT REVIEW BOARD;
RAYMOND W. KELLY, in his official
capacity as Police Commissioner for the
City of New York; RICHARD A. BROWN, in
his official capacity as Queens
District Attorney; DANIEL O'LEARY,
individually and in his official
capacity as an Assistant District
Attorney for Queens County; PETER A.
CRUSCO, individually and in his
official capacity as an Assistant
District Attorney of Queens County;
LUIS SAMOT, individually and in his
capacity as a New York City Police
Officer; MOSES LEE, individually and in
his official capacity as a New York
City Police Officer; CARON ADDESSO,
individually and in her official
capacity as a New York City Police
Officer; DAVID TAORMINA, individually
and in his official capacity as a New
York City Police Officer; ANIBAL
MARTINEZ, individually and in his
official capacity as a New York City
Police Officer; and NICOLAS GIGANTE,
individually and in his official
capacity as a New York City Police
Officer,

        Defendants.
----------------------------------------x

**ORDER**

13-CV-4607 (KAM) (VVP)

**MATSUMOTO, United States District Judge:**

        Both plaintiff Thomas D. Raffaele ("plaintiff") and

defendants the City of New York, the New York City Civilian

Complaint Review Board ("CCRB"), Richard A. Brown, Peter A.

Crusco, Raymond W. Kelly, and Daniel O'Leary (collectively, "the

City defendants") join in an application to seal plaintiff's opposition to the City defendants' motion to dismiss. (ECF Nos. 60, 61.) The parties argue that, because plaintiff discusses portions of a CCRB report in his opposition and appends the report to that opposition, the entirety of plaintiff's opposition papers (filed as ECF No. 59) should be placed under seal.[1] For the reasons set forth below, the application to seal these documents is denied.

"The Second Circuit has held that 'documents submitted to a court for its consideration in . . . a motion are – as a matter of law – judicial documents to which a strong presumption of [immediate public] access attaches, under both the common law and the First Amendment.'" *Kavanagh v. Zwilling*, --- F. Supp. 2d ----, 2014 WL 584304, at *11 (S.D.N.Y. Feb. 14, 2014) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006)) (evaluating the propriety of sealing documents submitted in connection with a motion to dismiss; alterations in the original). This strong presumption flows from "the need to hold the federal courts accountable to the public and to foster confidence in the administration of justice." *Ello v. Singh*, 531 F. Supp. 2d 552, 582 (S.D.N.Y. 2007) (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

---

[1] The CCRB report is attached to the hard copy version of plaintiff's opposition brief, delivered to the undersigned's chambers; however, the electronically filed version does not include the report. Plaintiff should file a copy of the report on the docket in accordance with this order.

In order to determine whether a judicial document may be filed under seal, the court must balance the common law right of access against any "competing considerations," such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *Amodeo*, 71 F.3d at 1050) (internal quotation marks omitted). In addition, the press and public's First Amendment right of access to judicial documents may only "be overcome . . . by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Kavanagh*, 2014 WL 584304, at *11 (quoting *Lugosch*, 435 F.3d at 119). Under both the common law and First Amendment frameworks, the party seeking to file a document under seal bears the burden of demonstrating that sealing is warranted. *See, e.g.*, *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Plaintiff's memorandum of law is clearly essential to the court's determination of the defendants' motion to dismiss the complaint. Plaintiff has further represented that the CCRB report is "material to the facts and arguments discussed in Plaintiff's Opposition Papers."[2] (Pl. Ltr. at 1.) In light of the centrality of the memorandum and CCRB report to plaintiff's

---

[2] Even if the court does not ultimately rely upon the CCRB report in resolving defendants' motion to dismiss, that fact does not counsel sealing the report at this time. *See United States v. Sattar*, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006) (noting that the Second Circuit has "made clear that the weight of the presumption [of access] is not affected by the fact that the Court may not have relied upon the document submitted or found the document useful. The presumption of access is entitled to great weight if a party submits the document to the court for purposes of adjudication.").

opposition to the defendants' motion to dismiss, a strong
presumption of access applies.

The parties have not presented any compelling
countervailing reasons for sealing plaintiff's memorandum and
the CCRB report. Neither party has indicated that a law
enforcement investigation would be jeopardized, or that any
specific information should not be discussed based on privacy
considerations. Plaintiff points only to the fact that the
documents are covered by a protective order issued by Judge
Pohorelsky. Judge Pohorelsky's order was issued for the
purposes of facilitating discovery in this case, however, and
does not bear on the presumption of access to the motion papers.
*See Lugosch*, 435 F.3d at 125-26 (holding that the fact that a
protective order was in place during discovery, and that
defendants claimed they would not have voluntarily disclosed
documents without a protective order, is not dispositive as to
whether documents central to a summary judgment motion should be
sealed). The City defendants also state that the CCRB report
contains non-parties' personal information. Specific personal
information may be redacted by the parties, and, indeed, some
information, such as a witness's home address, has already been
redacted.

After reviewing the memorandum and CCRB report, the
court can discern no reason to seal the documents, particularly
because the CCRB's investigation appears to have concluded.

4

Thus, the court cannot make "specific, on-the-record findings" that any "higher values necessitate a narrowly tailored sealing." *Kavanagh*, 2014 WL 584304, at *11 (quoting *Lugosch*, 435 F.3d at 119). Accordingly, the parties should confer and determine whether any particular information should be redacted for privacy purposes. Plaintiff's counsel shall confer with counsel for the City defendants, and no later than June 17, 2014, plaintiff should file an unsealed version of the memorandum of law and the CCRB report. In addition, any portions of the report that are immaterial to the motion need not be resubmitted to the court.

**SO ORDERED.**

_____/s_____
KIYO A. MATSUMOTO
United States District Judge

Dated: June 9, 2014
       Brooklyn, New York