

**ZACHARY W. CARTER**
*Corporation Counsel*

T̲HE C̲ITY OF N̲EW Y̲ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**VIRGINIA J. NIMICK**
Senior Counsel
phone: (212) 356-2663
fax: (212) 356-3509
email: vnimick@law.nyc.gov

September 11, 2015

**BY ECF**
Hon. Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Thomas Raffaele v. City of New York</u>, *et al.*
              13 CV 4607 (KAM) (VVP)

Your Honor:

      I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. This motion for costs and attorney's fees is made pursuant to Your Honor's instruction during the last telephonic status conference on September 4, 2015. Defendants' request for costs and attorney's fees is based upon plaintiff's repeated failure to respond to defendants' discovery requests and to comply with this Court's Orders directing the same. The undersigned, as the sole attorney assigned to this matter, spent a total of 5 hours in attempts to obtain discovery responses from plaintiff's counsel.

**P̲ROCEDURAL H̲ISTORY**

      On or about March 3, 2015, defendants served Interrogatories and Requests for Production of Documents on plaintiff's counsel. On or about March 31, 2015, defendants consented to a two-week extension of time for plaintiff to respond to the same, making plaintiff's responses due on April 27, 2015. Having received no response, on May 26, 2015, the undersigned wrote to plaintiff's counsel, informing him that his responses were long overdue (a copy of said letter is annexed hereto as Exhibit "A"). Defendants asked that plaintiff respond by June 1, 2015 in order to avoid judicial intervention. As plaintiff failed to respond, on or about

June 5, 2015, the undersigned moved this Court to compel plaintiff's responses (*see* Dkt. No. 87, a copy of which is annexed hereto as Exhibit "B").

On June 26, 2015, the Court held a telephonic status conference, for which plaintiff failed to appear.  Plaintiff also failed to oppose or respond in any way to the above-mentioned Motion to Compel.  Accordingly, following the conference, this Court granted defendants' motion, and Ordered plaintiff to respond on or before July 16, 2015 (*see* Dkt. No. 89, a copy of which is annexed hereto as Exhibit "C").  Notwithstanding the foregoing, plaintiff failed to respond.  The undersigned reached out to plaintiff's counsel via e-mail on or about July 22, 2015 warning that if he continued to fail to respond, defendants' would be forced to move for sanctions.

On or about August 5, 2015, having *still* received *no* communication from plaintiff's counsel, the undersigned moved this Court for sanctions pursuant to Federal Rule of Civil Procedure 37 (*see* Dkt. No. 90, a copy of which is annexed hereto as Exhibit "D").  Finally, after more than six (6) months, plaintiff's counsel responded, citing only his "inability to meet with his client to complete the requested authorizations." (*see* Dkt. No. 91).  During a September 4, 2015 telephonic status conference, the Court authorized the within motion.

### TIME EXPENDED AND REQUESTED HOURLY RATE

As outlined above, in attempting to obtain responses to Interrogatories and Requests for Production of Documents, the undersigned was required to spend approximately five (5) hours, repeatedly contacting – or attempting to contact – plaintiff's counsel, via letter, e-mail, and telephone.  Further, the undersigned moved to compel responses, and then subsequently moved to compel again, or to preclude certain causes of action, and for sanctions.  Finally, the undersigned appeared for a telephone conference on June 26, 2015, for which plaintiff's counsel failed to appear.  With all this in mind, five hours of time is conservative.

The undersigned graduated from Brooklyn Law School in 2007.  Following that, the undersigned accepted a position as a law clerk to the Honorable Francis X. Caiazza, Magistrate Judge in the Western District of Pennsylvania.  The undersigned then worked for close to three years at a mid-sized Manhattan law firm, defending City Hospitals and doctors in federal and state claims.  In July 2011, the undersigned accepted a position as Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department.  In October 2013, the undersigned was appointed as Senior Counsel.  Since July 2011, the undersigned as appeared as lead counsel in close to 150 matters, in both the Eastern and Southern Districts of New York.  The undersigned has tried, as lead counsel, 12 cases to verdict, and has supervised the trial of several more.  Based upon the foregoing, an hourly rate of $400 per hour is requested.

It is respectfully submitted that, based upon the undersigned's background and experience, as well as the relevant case law, the requested rate is reasonable. On July 18, 2012, the Honorable Naomi Reice Buchwald, issued a Memorandum and Order in the case *City of New York v. Venkataram, et al.*, 06 Civ. 6578, granting, *inter alia*, the City's request for sanctions under Fed. R. Civ. P. 37(d). *See generally* 2012 U.S. Dist. LEXIS 99814 (S.D.N.Y. 2012). The moving attorneys requested rates of $350/hr and $250/hr, and Judge Buchwald held that those rates were appropriate based on the attorneys' "relative experience." *See id.* at *6, n.2 (citing *Adams v. N.Y. State Educ. Dep't*, 630 F. Supp. 2d 333, 347-350 (S.D.N.Y. 2009)).

In the *Adams* case cited by Judge Buchwald, Magistrate Judge Peck granted the City's application for $11,202.90 in fees and costs under Fed. R. Civ. P. 41(d). *See generally* 630 F. Supp. 2d 333. In that case, the City sought $350/hr as a reasonable hourly rate for the senior attorney who worked on that case. *See id.* at 347-50. Magistrate Judge Peck performed a thorough analysis of the standard for determining a reasonable rate under the Second Circuit's decision in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008), and went on to say:

> That "government attorneys receive a fixed salary and do not bill a client for their services," should not change the analysis of what rate a paying client would be willing to pay, and thus the rate should be the same whether private counsel, non-profit organization counsel or a government attorney performs the work. *See, e.g.*, *NLRB v. Local 3, Int'l Bhd. of Elec. Workers*, 471 F.3d 399, 406-07 (2d Cir. 2006) ("[I]n *Blum v. Stenson*, 465 U.S. 886 (1984), the Supreme Court held that attorneys' fees awarded to a nonprofit legal aid organization under 42 U.S.C. § 1988 'are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel.' *Id*. at 895. Courts have applied *Blum* to calculate government attorneys' fees in a variety of contexts beyond civil rights litigation. Consistent with this precedent, district courts in this Circuit generally employ market rates to calculate awards of government attorneys' fees. We also note that because government attorneys receive a fixed salary and do not bill a client for their services, a proportionate share of attorneys' salaries does not necessarily correlate to expenses actually incurred in pursuing a given case. . . . For those reasons, the Special Master properly calculated the [plaintiff's] attorneys' fees according to the prevailing market rate.") (citations omitted); *Zlotnick v. Hubbard*, 572 F. Supp. 2d 258, 276 n. 19 (N.D.N.Y. Aug. 18, 2008) (citing *N.L.R.B. v. Local 3, Int'l Bhd. of Elec. Workers*, 471 F.3d at 407); *NLRB v. A.G.F. Sports Ltd.*, No. 93-MISC-049, 146 L.R.R.M. 3022, 1994 WL 507779 at *1 (E.D.N.Y. June 22, 1994) ("[I]t is established law in this Circuit that government attorneys may be reimbursed at the prevailing market rate."); *United States v.*

3

> *Kirksey*, 639 F. Supp. 634, 637 (S.D.N.Y. 1986) ("The hourly rate properly charged for the time of a government attorney is the amount to which attorneys of like skill in the area would typically be entitled for a given type of work on the basis of an hourly rate of compensation.").

*Adams*, 630 F. Supp. 2d at 348. On the basis of this analysis and "the Court's own knowledge of the prevailing hourly rates, the $350 requested by the City Defendants is a fair rate in this District for a senior labor and employment litigator. . . ." *Id.* at 348. Given that this conclusion was reached more than six years ago, it is respectfully submitted that it is reasonable to conclude that the $400/hr rate for a senior attorney with qualifications similar to many of the attorneys on this case is not only reasonable, but most likely lower than the appropriate market rate for such services today.

While the Special Federal Litigation Division does not routinely seek fees in § 1983 cases, the division does have substantial experience litigating fee applications under 42 U.S.C. § 1988, both in the rare cases where plaintiffs prevail at trial or, more frequently, where plaintiffs accept a Rule 68 Offer of Judgment. In such cases, it is not uncommon for attorneys with similar or less experience than those who worked on this case to request and receive rates of $300/hr and more. For example, on October 25, 2013, the Honorable Shira A. Scheindlin issued an Opinion and Order in *Greene v. City of New York, et al.*, endorsing a recent "review of precedent in the Southern District [that] reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time." 2013 U.S. Dist. LEXIS 154342, at *11-12, n.37 and accompanying text (quoting *Tatum v. City of New York*, 2010 U.S. Dist. LEXIS 7748 (S.D.N.Y. 2010) (Gardephe, J.) (in turn quoting *Vilkhu v. City of New York*, 2009 U.S. Dist. LEXIS 73696 (E.D.N.Y. 2009))). In *Vilkhu*, plaintiff's firm Emery Celli Brinckerhoff & Abady was awarded fees ranging from $275 for an associate three years out of law school, to $525 for a named partner of the firm. *See* 2009 U.S. Dist. LEXIS 73696, at *19-23, 29-30.

Based upon the foregoing, defendants respectfully request $400/hour for time spent attempting to obtain responses to their Interrogatories and Requests for Production of Documents, for a total of $2,000 in costs and attorney's fees.

Thank you for your consideration of this request.

                                      Respectfully submitted,

                                      /s/

                                      Virginia J. Nimick
                                      *Senior Counsel*
                                      Special Federal Litigation Division