

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

BRIAN FRANCOLLA
Senior Counsel
phone: (212) 356-3527
fax: (212) 356-3509
email: bfrancol@law.nyc.gov

May 18, 2016

**BY ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Thomas Raffaele v. City of New York, et al., 13 CV 4607 (KAM) (PK)

Your Honor:

  I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. In that capacity, I write pursuant to Your Honor's Chambers Practices to respectfully request a pre-motion conference regarding defendants' anticipated motion for partial summary judgment.

  Procedural History:

  By Memorandum and Order, dated October 30, 2015, the Court granted defendants' motion to partially dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. See Raffaele v. City of New York, 13-CV-4607 (KAM) (VVP), 2015 U.S. Dist. LEXIS 148488 (E.D.N.Y. Oct. 30, 2015). Specifically, the Court dismissed: 1) the conspiracy claims pursuant to §§ 1983, 1985, and 1986 (Counts I, V, VI, VII and VIII); 2) the denial of access claim pursuant to § 1983 (Count IV); 3) the supervisory liability claim against Commissioner Kelley (Count IX); 4) the municipal liability claim (Count X); 5) the *prima facie* tort claim (Count XII); 6) the slander and libel claims (Counts XIII and XV); and 7) all claims against the District Attorney defendants. As a result, the only claims which remain are plaintiff's claims for excessive force (Count II), failure to intercede (Count III), supervisory liability against any police officer defendants (Count IX) and battery (Count XI). Id. at *37. Defendants now seek to move for summary judgment with respect to two of the remaining claims. Defendants acknowledge that issues of fact exist with regard to plaintiff's claims for excessive force and battery and thus, defendants' anticipated motion will not address those claims. If permission to

move for partial summary judgment is granted, defendants would seek the dismissal of only plaintiff's claims for failure to intercede and supervisory liability.

In addition, defendants note that plaintiff was previously given the opportunity to request leave to amend his complaint in response to the Court's October 30, 2015 Memorandum and Order. However, defendants respectfully submit that plaintiff has since waived that opportunity. By way of background, plaintiff was initially given 14 days from the entry of the Court's Memorandum and Order to request leave to amend his complaint. Since that time, plaintiff has requested an extension of time to make his request on six occasions over a span of nearly seven months. See Docket Sheet, Entry ## 99, 101, 102, 103, 105 and 106. Defendants consented to plaintiff's first five requests – all of which were ultimately granted – due to the representation from plaintiff's counsel that plaintiff was incapacitated to some degree after surgery and thus was unavailable to aid counsel in preparing the proposed amendment. By letter dated April 11, 2016, plaintiff's counsel advised the Court that plaintiff had returned to work and that he could participate in the request to amend the complaint, but that they would still need until May 11, 2016 in order to file their request with the Court. See Docket Sheet, Entry # 106. This request was initially denied due to the fact that plaintiff's counsel had not sought the consent of the undersigned, but ultimately granted during a conference on April 27, 2016 with the deadline of May 11, 2016 remaining in place. To date, plaintiff has neither filed a request to amend his complaint nor requested a seventh extension of time in order to do so and as a result, defendants submit that any future request, if made, should be denied as well.[1]

Legal Basis for Anticipated Motion for Partial Summary Judgment:

The alleged excessive force in this case consists solely of one shove and one "karate chop-like" move both performed by Police Officer Samot. See Raffaele, 2015 U.S. Dist. LEXIS 148488 at *5. This allegation against Police Officer Samot is the only claim that should proceed before a jury. Notwithstanding plaintiff's extremely simple allegation of excessive force against one police officer, he has sued seven additional police officers. Defendants submit that any claims against these officers fail as a matter of law.

Plaintiff appears to allege that all other police officer defendants should be liable for their failure to restrain Police Officer Samot. See Plaintiff's Amended Complaint, ¶¶ 71 and 184. This allegation is belied by plaintiff's own testimony and the uncontroverted video evidence.

The Second Circuit has held that a plaintiff asserting claims under § 1983 must show the personal involvement of each defendant. See Rasanen v. Brown, 603 F. Supp. 2d 550, 553 (E.D.N.Y. 2009) (citing Back v. Hastings On Hudson Union Free School District, 365 F.3d 107, 122 (2d Cir. 2004)). A police officer is personally involved in the use of excessive force if he either (1) directly participates in an assault; or (2) was present during the assault, but did not

---

[1] Because plaintiff has no factual basis to amend his complaint, defendants would have opposed any request in that regard had one been made timely.

2

intervene on behalf of the victim *even though he had a reasonable opportunity to do so*. See Jeffreys v. Rossi, 275 F. Supp. 2d 463, 474 (S.D.N.Y. 2003) (emphasis added). "A plaintiff need not establish who among a group of officers, directly participated in the attack and who failed to intervene." Id. However, mere presence at the scene is not enough to create a disputed issue of material fact — a plaintiff must proffer "some competent evidence that he was attacked by the officers." Id. at 475; see also Rodriguez v. City of New York, No. 10 Civ. 9570 (PKC) (KNF), 2012 U.S. Dist. LEXIS 66548, at *14 (S.D.N.Y. May 11, 2012) ("[T]he mere fact that [an officer] was present for the entire incident does not, on its own, establish that he had either awareness of excessive force being used or an opportunity to prevent it."). There also must have been enough time for a bystanding officer to intervene. See O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988) (rejecting plaintiff's claims of failure to intervene as a matter of law where the alleged excessive force consisted of three rapid blows because the officer "had no realistic opportunity to prevent them"); see also Sash v. United States, 674 F. Supp. 2d 531, 545 (S.D.N.Y. 2009) (finding that no reasonable jury could conclude that the defendant officers had a genuine opportunity to intercede where "the entire incident took less than thirty seconds").

    Here, according to plaintiff, the alleged force occurred without provocation and lasted "only a few seconds." See September 11, 2014 Deposition of Plaintiff, annexed hereto as Exhibit "A," pp. 121: 10 – 133: 2. The only individual defendant that plaintiff specifically described in his deposition as having seen the alleged force was Sergeant Rzonca who was standing between four and six feet away at the time of the hit. Id. Under these circumstances, no reasonable juror could possibly find that any of the individual defendants had a reasonable opportunity to intervene to prevent the force described by plaintiff. The video footage of the incident further supports the conclusion that plaintiff's failure to intervene claim fails as a matter of law. See http://on.aol.com/video/judge-thomas-raffaele-attack-517995597.

    Similarly, plaintiff's supervisory liability claim against the police officer defendants also fails as a matter of law. There is absolutely no evidence in the record to support plaintiff's vague and conclusory allegations (see Plaintiff's Amended Complaint, ¶¶ 211 – 219), and thus, this claim should also be dismissed.

    Accordingly, defendants submit that in the event the anticipated motion is successful, it will greatly simplify this case for trial. Should the Court grant defendants' request to pursue the anticipated motion, the undersigned proposes the following briefing schedule:

    Defendants' Motion:   June 10, 2016

    Plaintiff's Opposition:   July 11, 2016

    Defendants' Reply:   July 25, 2016.

Thank you for your consideration of this request.

Respectfully submitted,

/s/

Brian Francolla
*Senior Counsel*
Special Federal Litigation Division


cc: Reza Islam, Esq. (by ECF)
Cardenas Islam & Associates, PLLC
175-61 Hillside Avenue, Suite 302
Jamaica, New York 11432

Honorable Peggy Kuo (by ECF)
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201