UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THOMAS D. RAFFAELE,

 Plaintiff,

-against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, individually and in his official capacity as Police Commissioner of the City of New York; RICHARD A. BROWN, in his official capacity as Queens District Attorney; DANIEL O'LEARY, individually and in his official capacity as an Assistant District Attorney of Queens County; PETER A. CRUSCO, individually and in his official capacity as an Assistant District Attorney of Queens County; LUIS SAMOT, individually and in his official capacity as a New York City Police Officer; RUSSELL LAWRY, individually and in his official capacity as a New York City Police Officer; JON-KRISTIAN RZONCA, individually and in his official capacity as a New York City Police Officer; MOSES LEE, individually and in his official capacity as a New York City Police Officer; CARON ADDESSO, individually and in her official capacity as a New York City Police Officer; DAVID TAORMINA, individually and in his official capacity as a New York City Police Officer; ANNIBAL MARTINEZ, individually and in his official capacity as a New York City Police Officer; NICHOLAS GIGANTE, individually and in his official capacity as a New York City Police Officer,

         Defendants.

13 CV 4607 (KAM) (PK)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

    **ZACHARY W. CARTER**
    CORPORATION COUNSEL OF THE CITY OF NEW YORK
    *Attorney for Defendants*
    100 Church Street
    New York, New York 10007

    By: Brian Francolla
      *Senior Counsel*
      Special Federal Litigation Division
      (212) 356-3527

## **ARGUMENT**

Defendants rest on the arguments set forth in their motion for partial summary judgment and address herein only those arguments set forth in plaintiff's opposition to defendants' motion for summary judgment ("Pl's Opp."), which fail for the reasons set forth below. Defendants further note that plaintiff has entirely failed to comply with Local Civil Rule 56.1 both in responding to defendants' statement of material facts as to which there is no genuine issue to be tried as well as in setting forth his own purported statements of fact in his opposition papers. Therefore, defendants respectfully request that the material facts in their statement be deemed admitted as a matter of law while those set forth in plaintiff's opposition be ignored. See Local Civil Rule 56.1(b) ("The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short, and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried."); Local Civil Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.").

**I.   PLAINTIFF FAILS TO ADEQUATELY ALLEGE THE PERSONAL INVOLVEMENT OF EACH OF THE DEFENDANTS OTHER THAN POLICE OFFICER SAMOT.**

In his opposition, plaintiff incorrectly argues that it is "Moving Defendants, as the proponents of the instant motion, who bear the burden of making an affirmative showing that

they each were not involved in the incident." See Pl's Opp., p. 6.[1] This theory, if true, would allow a plaintiff to name as a defendant every single officer present for a particular incident – regardless of any actual involvement in the claim alleged – and then sit back while each defendant is forced to prove their innocence. That untenable result is not far from what plaintiff is attempting to do in this case. To the contrary of plaintiff's contention, pursuant to Rule 56 of the Federal Rules of Civil Procedure defendants merely have the burden of establishing that there exists no genuine issue of material fact and that they are entitled to judgment as a matter of law. Defendants did that in their original moving papers and as noted above, plaintiff failed to oppose defendants' statement of material facts as to which there is no genuine issue to be tried.

In order to hold an officer liable for excessive force, *a plaintiff* must adduce sufficient evidence to raise an issue of fact as to whether the officer was personally involved in the use of the claimed excessive force. See Piper v. City of Elmira, 12 F. Supp. 3d 577, 596 (W.D.N.Y. 2014) (emphasis added) (citing Moffitt v. Town of Brookfield, 950 F.2d 880, 886 (2d Cir. 1991) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983") (quotation omitted)). In the failure to intervene context, "the mere fact that [an] [o]fficer was present for the entire incident does not, on its own, establish that he had either awareness of excessive force being used or an opportunity to prevent it." Piper, 12 F. Supp. 3d at 596 (quoting Rodriguez v. City of New York, No. 10 Civ. 9570 (PKC) (KNF), 2012 U.S. Dist. LEXIS 66548, at *14 (S.D.N.Y. May 11, 2012)).

---

[1] To the extent plaintiff relies on the case of Polo v. United States, No. 12 CV 3742 (SJ) (PK), 2016 U.S. Dist. LEXIS 101862, (E.D.N.Y. Aug. 3, 2016) to support this proposition, it is unclear why. Defense counsel's reading of this case suggests that it not only fails to support plaintiff's proposition, but actually contravenes it. See Polo, 2016 U.S. Dist. LEXIS 101862, at *4 ("enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor").

Piper v. City of Elmira, 12 F. Supp. 3d 577 (W.D.N.Y. 2014), is instructive on the issue present herein. In Piper, there was no dispute that several officers participated in the alleged excessive force. Piper, 12 F. Supp. 3d at 597. There was also no dispute that several additional officers were present on scene, but did not participate in the force at issue. Id. at 596. The plaintiff's failure to intervene claim against the latter group of officers who were present, but not directly involved, was dismissed because there was no evidence about their locations, "much less evidence that these officers were in a position from which they could have intervened during the challenged uses of force." Id.

That is precisely the case here despite a full opportunity for plaintiff to conduct discovery and the existence of video footage of the alleged force at issue. The underlying facts of this case are therefore distinguishable from Jeffreys v. Rossi, 275 F. Supp. 2d 463, (S.D.N.Y. 2003), where the inability to identify who specifically did what was not dispositive of the claim due to the specific circumstances of the alleged force. Unlike the allegations in Jeffreys, plaintiff had every opportunity, both during the incident and certainly during discovery, to specifically identify the factual basis for why each of the seven police officers at issue should be liable for their alleged failure to intervene. Additionally, in Jeffreys there was also undisputed evidence before the Court that the defendants were either located inside of an otherwise empty classroom with plaintiff where the alleged attack took place or in the doorway or hallway just outside of it. Jeffreys, 275 F. Supp. 2d at 475. Here, it is undisputed that the interaction between plaintiff and Police Officer Samot took place on a crowded street corner with many police officers spread out and involved in various aspects of crowd control while surrounded by numerous civilians.

Plaintiff's failure to even attempt to explain with any level of specificity in his opposition how any of the defendants at issue failed to intercede to prevent excessive force, or

3

are liable for what he claims happened under a cognizable theory of supervisory liability, is emblematic of the absence of such evidence in the record. Accordingly, because plaintiff has failed to articulate an cognizable theory of how each of defendants other than Police Officer Samot – Sergeant Jon-Kristian Rzonca, Police Officer Russell Lawry, Police Officer Moses Lee, Lieutenant Caron Jo Addesso, Sergeant David Taormina, Police Officer Anibal Martinez, and Police Officer Nicholas Gigante – were personally involved in some constitutional harm, let alone submit evidence to support any such claim, his claims against each fail as a matter of law.

II. **PLAINTIFF'S NOVEL THEORY OF LIABILITY WHICH IS THE BASIS FOR HIS FAILURE TO INTERVENE CLAIM IS UNSUPPORTED BY THE RECORD OR ANY LEGAL AUTHORITY.**

Plaintiff does not and cannot dispute that the alleged force used against him lasted two seconds. Plaintiff also does not appear to challenge the premise that under the circumstances faced by defendants, a constitutional violation lasting only two seconds would not provide another officer with a realistic opportunity to intervene to prevent the alleged harm from occurring due to the limited duration. Instead, plaintiff attempts to create a triable issue of fact by arguing that all seven defendants at issue should have prevented the alleged force against him because they had previously witnessed Police Officer Samot use excessive force against non-parties. See Pl's Opp., pp. 5-6. This is a blatant attempt by plaintiff to extend the overall duration of the alleged constitutional violation that he feels should have prompted defendants to intervene. Notably, plaintiff's opposition papers are devoid of any legal authority to support this novel theory.[2]

---

[2] Defense counsel has also been unable to find any legal authority that could support this theory of failure to intervene liability.

4

"A police officer is under a duty to intercede and prevent fellow officers from subjecting a citizen to excessive force, and may be held liable for his failure to do so if he observes the use of force and has sufficient time to act to prevent it." Figueroa v. Mazza, No. 14-CV-4116, 2016 U.S. App. LEXIS 10152, at *37 (2d Cir. June 3, 2016) (citing O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988). "The essential inquiry is whether, under the circumstances actually presented, an officer's failure to intervene permits a reasonable conclusion that he became a 'tacit collaborator' in the unlawful conduct of another." Id. at *42.

This analysis necessarily involves a determination that the conduct alleged to have established a duty to intercede was unlawful. Here, the conduct at issue is Police Officer Samot's involvement with non-parties. There has been no determination that this conduct was unlawful. Plaintiff has no standing to assert such a claim because a claim pursuant to § 1983 requires an allegation "(1) that some person has deprived [*the plaintiff*] of a federal right, and (2) that the person who has deprived him of that right acted under color of state . . . law." Dzwonczyk v. Syracuse City Police Dep't, 710 F. Supp. 2d 248, 261 (N.D.N.Y. 2008) (emphasis added) (quoting Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005)); see also, Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990) (minor bystander may not recover damages based upon injuries inflicted on father by police). In other words, plaintiff cannot assert that any non-parties present during the underlying incident were subjected to excessive force and thus, his novel failure to intervene claim fails as a matter of law.

In sum, for plaintiff to prevail on his theory of failure to intervene at trial, the parties would first need to somehow litigate whether the prior interactions between Police Officer Samot and the non-parties constituted excessive force. Absent a determination regarding those unrelated incidents, none of the defendants would have had a reason to know that Police

Officer Samot committed a constitutional violation before even getting to the question of whether they would have had a realistic opportunity to intervene with regard to plaintiff. A jury in this case is ultimately going to decide whether Police Officer Samot subjected plaintiff to excessive force; a jury should not also have to decide plaintiff's unsupported allegation that excessive force was used against the "man in a white polo shirt" (see Pl's Opp., pp. 5-6) and neither should this Court.

### III. PLAINTIFF'S SUPERVISORY LIABILITY CLAIM FAILS AS A MATTER OF LAW.

Plaintiff's opposition did little to clarify the specific basis upon which he feels defendants Rzonca, Addesso and Taormina should be held liable for anything under a theory of supervisory liability. As an initial matter, there is no evidence before the Court of when the supervisory defendants arrived on scene or where they were throughout the time period plaintiff argues they should be responsible for. In fact, plaintiff has failed to provide any evidence to suggest that defendants Rzonca and Taormina even supervised Police Officer Samot that night or ever.

Moreover, like in **POINT I**, supra, plaintiff mistakenly rests on what he considers to be defendants' purported failure to affirmatively prove their innocence. As an initial matter, plaintiff is incorrect. Defendants did make an affirmative showing in support of their application by asserting in their original moving papers that plaintiff had adduced no evidence to support any of the prongs that would establish supervisory liability in this context. Additionally, as noted in **POINT I**, supra, it is not defendants' responsibility to affirmatively prove their innocence. That is not how it works. Discovery is complete so if evidence exists that plaintiff feels would support a supervisory liability claim against any defendant going before a jury, he needs to point

6

to it in response to defendants' motion for partial summary judgment. Plaintiff has failed to do so and as a result, the claim should be dismissed.

Even if plaintiff had adduced evidence to support his theory of supervisory liability during discovery, his arguments would still fail. Plaintiff vaguely asserts that the supervisory defendants were "grossly negligent in supervising" Samot. See Pl's Opp., p. 7. The standard of gross negligence in the supervisory liability context "is satisfied where the plaintiff establishes that the defendant-supervisor was aware of a subordinate's prior substantial misconduct but failed to take appropriate action to prevent future similar misconduct before the plaintiff was eventually injured." Raspardo v. Carlone, 770 F.3d 97, 117 (2d Cir. 2014). Here, much of plaintiff's argument pertains to conduct by the supervisory defendants that took place after the alleged excessive force by Police Officer Samot (see Pl's Opp., p. 7) and thus, it obviously could not have been the cause of the constitutional violation alleged. Similarly, plaintiff has no basis to assert that Police Officer Samot's interactions with non-parties prior to the encounter at issue legally constitutes "substantial misconduct."

Plaintiff also vaguely asserts that the supervisory defendants were "deliberately indifferent to the rights of others by failing to act on information that constitutional rights were being violated." See Pl's Opp., p. 7.[3] This argument fails because there has been no showing that any of the supervisory defendants received information that constitutional rights were being violated prior to the alleged force against plaintiff. Accordingly, any claim for supervisory liability fails as a matter of law.

---

[3] Plaintiff's reliance on Walsh v. N.Y. City Hous. Auth., No. 14-CV-181, 2016 U.S. App. LEXIS 12496 (2d Cir. July 7, 2016), is curious considering it is an employment discrimination case that does not appear to address supervisory liability in any context let alone in this one.

## IV. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

Defendants rest on the arguments set forth in their original moving papers and simply note that plaintiff has failed to even argue that no reasonable officer would have acted as any of the individual defendants herein. See Pl's. Opp., pp. 8-9. Instead, plaintiff summarily concludes that factual disputes preclude the qualified immunity defense. Id. Plaintiff also argues that defendants are not entitled to qualified immunity because they "have made no affirmative showing that their conduct was protected by the doctrine of qualified immunity"[4] and they have failed to "submit any sworn statement to the effect that they reasonably believed their conduct complied with the law." Id. at p. 8. Neither is correct. Plaintiff has wholly failed to address defendants' statement of material facts as to which there is no genuine issue to be tried as well as their contention that it certainly cannot be said that no reasonable officer would have waited two seconds to prevent a spontaneous and unprovoked act. To the extent plaintiff relies on Pearson v. Callahan, 555 U.S. 223, 244 (2009) for the proposition that defendants are required to submit a sworn statement regarding their respective states of mind as to what they reasonable believed, that point is not mentioned on the page referenced or anywhere else in the opinion.

Defendants did not specifically address in their original moving papers plaintiff's novel theory of failure to intervene liability in this case because they were unaware that was what was being pursued. In that regard, however, the absence of any legal authority addressing plaintiff's theory demonstrates that even if it were somehow viable, it certainly is not "a clearly established statutory or constitutional right of which a reasonable person would have known." Moore v. City of N.Y., No. 13-CV-392 (KAM) (LB), 2015 U.S. Dist. LEXIS 31994, at *21

---

[4] Regarding plaintiff's continued reliance on Walsh, 2016 U.S. App. LEXIS 12496, defendants refer the Court to footnote #3 and simply note that the issue of qualified immunity is not addressed in that case.

8

(E.D.N.Y. Mar. 16, 2015) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Accordingly, to the extent this Court finds that there are triable issues of material fact with respect to either plaintiff's failure to intercede claim or supervisory liability claim as against any defendant, that defendant should be entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their motion for partial summary judgment together with such costs, fees and other further relief as the Court deems just and proper.

Dated: New York, New York
       August 24, 2016

**ZACHARY W. CARTER**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-3527

By:     /s/
      Brian Francolla
      *Senior Counsel*
      Special Federal Litigation Division

cc:    Reza Islam, Esq. (by ECF and email)
       Barak Cardenas, Esq.
       Cardenas Islam & Associates, PLLC
       175-61 Hillside Avenue, Suite 302
       Jamaica, New York 11432