UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

THOMAS D. RAFFAELE,

                    *Plaintiff*,                          **MEMORANDUM & ORDER**

          - against -                                     13-CV-4607(KAM)(VVP)

THE CITY OF NEW YORK; RAYMOND W. KELLY,
individually and in his official capacity
as Police Commissioner for the City of
New York; RICHARD A. BROWN, in his
official capacity as the Queens District
Attorney; DANIEL O'LEARY, individually
and in his official capacity as an
Assistant District Attorney for Queens
County; PETER A. CRUSCO, individually and
in his official capacity as an Assistant
District Attorney of Queens County; LUIS
SAMOT, individually and in his official
capacity as a New York City Police
Officer; RUSSELL LAWRY, individually
and in his official capacity as a New
York City Police Officer; JON-KRISTIAN
RZONCA, individually and in his
official capacity as a New York City Police
Officer; MOSES LEE, individually and in
his official capacity as a New York City
Police Officer; CARON ADDESSO,
individually and in her official capacity
as a New York City Police Officer; DAVID
TAORMINA, individually and in his
official capacity as a New York City
Police Officer; ANIBAL MARTINEZ,
individually and in his official capacity
as a New York City Police Officer; and
NICHOLAS GIGANTE, individually and in his
official capacity as a New York City
Police Officer,

                    *Defendants*.
-----------------------------------------X
**MATSUMOTO**, United States District Judge:

Plaintiff Thomas D. Raffaele ("plaintiff" or "Judge Raffaele") commenced this lawsuit pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 in connection with police activity at the intersection of 37th Road and 74th Street in Jackson Heights, New York, in the early morning hours on June 1, 2012. Presently before the court is a motion by defendants the City of New York, Sergeant Jon-Kristian Rzonca, Police Officer Luis Samot, Police Officer Russell Lawry, Police Officer Moses Lee, Lieutenant Caron Jo Addesso, Sergeant David Taormina, Police Officer Anibal Martinez, and Police Officer Nicholas Gigante (together, the "defendants")[1] for partial summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. For the reasons set forth below, the defendants' motion for partial summary judgment is granted.

## BACKGROUND

Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to submit a statement of the undisputed material facts as to which there is no genuine issue to be tried, together with citation to the admissible evidence of record supporting each such fact. *See*

---

[1] On October 30, 2015, this court dismissed the following counts from plaintiff's Amended Complaint: 1) the conspiracy claims pursuant to §§ 1983, 1985, and 1986 (Counts I, V, VI, VII and VIII); 2) the denial of access claim pursuant to § 1983 (Count IV); 3) the supervisory liability claim against Commissioner Kelley (Count IX); 4) the municipal liability claim (Count X); 5) the prima facie tort claim (Count XII); 6) the slander and libel claims (Counts XIII and XV); and 7) all claims against the District Attorney defendants. *See Raffaele v. City of N.Y.*, 144 F. Supp. 3d 365 (E.D.N.Y. 2015).

Local Rule 56.1(a), (d).  The facts described below have been taken from the defendants' Rule 56.1 statements.  (*See* Defendants' Rule 56.1 Statement ("Defs.' 56.1"), ECF No. 110.).  Plaintiff did not submit an opposing Rule 56.1 statement, as required, and, therefore the facts set forth in defendants' Rule 56.1 statement are deemed admitted.  *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.") (citing Local Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.")); *see also DeRienzo v. Metro. Transp. Auth.*, 237 F. App'x 642, 644 (2d Cir. 2007) (A district court has "broad discretion" to refuse to consider "what the parties fail to point out in their Local Rule 56.1 statements.") (internal quotation marks omitted). Citations to the record are provided where a fact, although not admitted in the parties' papers, is uncontroverted by record evidence.  The court resolves all conflicts in the evidence and draws all reasonable inferences in favor of plaintiff, the nonmoving party. *See Smith v. Cnty. of Suffolk*, 776 F.3d 114, 121 (2d Cir. 2015) ("We 'resolve all ambiguities and draw all

permissible factual inferences in favor of the party against whom summary judgment is sought.'") (quoting *Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 202 (2d Cir. 2013)).

Shortly after 12:00 a.m. on June 1, 2012, Judge Raffaele encountered Officer Samot near the intersection of 37th Road and 74th Street in Queens, New York. (Defs.' 56.1 at ¶ 1.) In addition to Officer Samot and Judge Raffaele, there was also a crowd of people, some of whom were uniformed police officers near the intersection of 37th Road and 74th Street. (*See* Compact Disk Containing Video Footage of the underlying Incident ("Video Footage"), Annexed to the Declaration of Brian Francolla, dated June 10, 2016 ("Francolla's Decl.") as Exhibit ("Ex") C.) Plaintiff testified at his deposition that he was pushed and hit by Officer Samot, and that two seconds elapsed between the push and the hit. (Defs.' 56.1 at ¶ 2; Francolla's Decl., Ex. B (Deposition of Judge Raffaele on September 11, 2014 ("Pl. Dep."), ECF No. 112-2 at 125:18.) The Video Footage of the incident from that night shows that the interaction between plaintiff and Officer Samot took place within three seconds. (Defs.' 56.1 at ¶ 4; Video Footage, Ex. C at 9 second to 12 second mark.)

According to plaintiff, the force used by Officer Samot was unprovoked and it occurred while plaintiff was standing on a public street doing nothing unlawful. (Defs.' 56.1 at ¶ 5; Pl. Dep., ECF No. 112-2 at 126:2-8.) The only other individual

defendant plaintiff recalled seeing during his encounter with Officer Samot was Sergeant Rzonca. (Defs.' 56.1 at ¶ 6; Pl. Dep., ECF No. 112-2 at 131:23-133:7.) Plaintiff estimated that Sergeant Rzonca was standing approximately four to six feet away from him when he was hit by Officer Samot. (Defs.' 56.1 at ¶ 7; Pl. Dep., ECF No. 112-2 at 132:21-23.) Plaintiff could not recall where the other police officers were when he and Officer Samot approached one another. (Defs.' 56.1 at ¶ 8; Pl. Dep., ECF No. 112-2 at 123:21-25.) According to plaintiff, Officer Samot was moved away by other police officers immediately after he hit plaintiff. (Defs.' 56.1 at ¶ 9.)

The Video Footage of the incident shows a police officer walking toward a lamppost followed by two other officers approximately ten feet behind the first. (Video Footage, Francolla Decl., Ex. C.) As the officer approached a street sign at the corner, a man in a white short-sleeved shirt, identified by plaintiff as himself, walked toward the officer who is seen walking and pushing three bystanders back. (*Id.*; Memorandum of Law by Plaintiff Thomas D. Raffele in Opposition To Motion for Partial Summary Judgment ("Pl. Opp."), ECF No. 113 at 5-6.) When plaintiff and the officer reached the lamppost from opposite directions, the officer appears to push plaintiff and immediately hit plaintiff. (Video Footage, Francolla Decl., Ex. C.) The plaintiff claims the other officers were six to ten feet away. (Pl. Opp., ECF No. 113

at 5-6.) After the push and the hit, the officer turned away and walked away from plaintiff toward the right of the screen. (Video Footage, Francolla Decl., Ex. C.)

## STANDARD OF REVIEW

### I. Motion for Summary Judgment

Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012); *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011). The role of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 162 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A genuine issue of fact exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Liberty Lobby*, 477 U.S. at 2512, 106 S.Ct. 2505. The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* The court's function is to decide "whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a

6

rational juror could find in favor of that party." *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000).

"When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (footnote omitted). To defeat a motion for summary judgment, the non-movant must identify probative evidence on the record from which a reasonable factfinder could find in its favor. *Liberty Lobby*, 477 U.S. at 256–57. That is, the non-movant must make a showing of sufficient evidence of a "claimed factual dispute as to require a judge or jury's resolution of the parties' differing versions of the truth." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 468 (S.D.N.Y. 2011) (citing *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 206 (2d Cir. 2006)). "[T]he nonmoving party [is therefore required] to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file, [and] designate specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

After construing the evidence in the light most favorable to the plaintiff, the court finds that there are no

triable issues of fact regarding plaintiff's failure to intercede claim against all officers except Officer Samot and plaintiff's supervisory liability claim against Rzonca, Addesso and Taormina. Therefore, defendants are entitled to summary judgment on plaintiff's failure to intercede and supervisory liability claims.

## I. Defendants' Summary Judgment Motion as to Plaintiff's Claim for Failure to Intercede is Granted

In a § 1983 action, plaintiff must show the personal involvement of each defendant. *Back v. Hastings on Hudson Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004). An officer who does not personally inflict the injury at the core of an excessive use of force claim may still be liable under § 1983 if the officer was present at the assault, and fails to intervene to prevent the harm when he or she had a reasonable opportunity to do so. *See O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988); *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 474 (S.D.N.Y. 2003). "An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used; (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994); *see also Jean-Laurent v. Wilkerson*, 461 Fed. Appx. 18, 21 (2d Cir. 2012) ("Failure to intercede results in liability where an officer

observes excessive force is being used or has reason to know that it will be.") (citation and internal quotation marks omitted). "Whether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another officer is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Deskovic v. City of Peekskill*, 894 F. Supp. 2d 443, 463 (S.D.N.Y. 2012) (quoting *Branen*, 17 F.3d at 557). "Courts have found that, where officers assault an individual so quickly that a fellow officer does not have a realistic opportunity to intercede, the witness officer is not liable for the excessive force." *Phillips v. Roy*, No. 9:08-CV-878, 2011 WL 3847265, at *6 (N.D.N.Y. Aug. 29, 2011) (citing *O'Neill*, 839 F.2d at 11-12); *Branen*, 17 F.3d at 557 ("In order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring.") (citation omitted); *see also Lehal v. United States*, No. 13-CV-3923, 2015 WL 9592706, at *8 (S.D.N.Y. Dec. 29, 2015) ("Courts may look to the length of the incident, *inter alia*, to determine whether an officer had a realistic opportunity to intervene.").

Defendants concede that issues of fact exist with regard to plaintiff's claims for excessive force and battery against Officer Samot. (Memorandum of Law in Support of Defendants' Motion for Partial Summary Judgment (Defs.' Mot."), ECF No. 111 at 1.) Therefore, defendants' motion did not address those claims against

Officer Samot. Even if the court assumes that Officer Samot's actions were unlawful, plaintiff has not presented or identified probative evidence in the record from which a reasonable factfinder could find in his favor on his failure to intercede claim against the other police officer defendants. Plaintiff presents no evidence that the other defendant officers saw or had a realistic opportunity to prevent the very rapid acts of Officer Samot as he pushed and/or struck the plaintiff during their three-second encounter. Under the circumstances here, even if the police officer defendants, other than Officer Samot, failed to intervene, their failure does not permit a reasonable conclusion that they had become a "tacit collaborator" in Officer Samot's alleged unlawful conduct. *See Figueroa v. Mazza*, 825 F.3d 89, 107–08 (2d Cir. 2016) (holding that the essential inquiry when evaluating a failure to intervene claim is whether "under the circumstances actually presented, an officer's failure to intervene permits a reasonable conclusion that he became a 'tacit collaborator' in the unlawful conduct of another") (citing *O'Neill*, 839 F.2d at 11–12).

Plaintiff has not submitted an opposing Rule 56.1 statement, but argues that the court should consider Officer Samot's "preceding violent actions" when evaluating his failure to intercede claim. (Pl. Opp., ECF No. 113 at 5.) There has been no determination that Officer Samot's conduct preceding and following his three-second interaction with plaintiff, was either excessive

or violated the constitution, as required to prove a failure to
intercede claim. *See Tavares v. City of New York*, No. 08-cv-3782,
2011 WL 5877550, at *7 (S.D.N.Y. Oct. 17, 2011) ("An officer who
fails to intercede is liable for the preventable harm caused by
the actions of other officers where that officer observes or has
reason to know that excessive force is being used, or that any
constitutional violation has been committed by a law enforcement
official.") (alterations and ellipses omitted) (quoting *Branen*, 17
F.3d at 557).

Moreover, to the extent plaintiff contends that the
defendant officers should have interceded when Officer Samot
pushed other bystanders out of his way, plaintiff does not have
standing to rely upon or assert § 1983 claims involving Officer
Samot and other non-parties present at the incident. *See Schachter
v. U.S. Life Ins. Co. in City of N.Y.*, 77 F. App'x 41, 42 (2d Cir.
2003) (finding that plaintiff did not have standing under 42 U.S.C.
§ 1983 because his alleged injury was not "personal" as required
under § 1983 because his injury depended entirely upon the alleged
violation of a third party's rights); *Kern v. City of Rochester*,
93 F.3d 38, 44 (2d Cir. 1996) (holding that plaintiff did not have
standing to bring a § 1983 claim where her case was predicated on
an alleged violation of a third party's rights because a
"'plaintiff generally must assert his own legal rights and
interests, and cannot rest his claim to relief on the legal rights

or interests of third parties'") (quoting *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). Thus, plaintiff may not assert that any non-parties present during the underlying incident were subjected to excessive force or that the non-parties' rights were violated as the basis for his failure to intervene claim. That is, plaintiff cannot rely on a theory that the other officers had time to intervene and prevent Officer Samot from violating plaintiff's rights because Officer Samot had violated the rights of the non-parties who were present. Officer Samot's allegedly unconstitutional conduct against other non-parties is not properly before the court because plaintiff does not have standing to seek relief for conduct involving others. Therefore, plaintiff cannot predicate his failure to intercede claim on Officer Samot's conduct involving others.

Plaintiff also argues that, as shown in in the Video Footage, at the time of the interaction between Officer Samot and plaintiff, two officers were following Officer Samot and two officers were "plainly within 6-10 feet" of Officer Samot throughout the encounter with plaintiff. (Pl. Opp., ECF No. 113 at 5.) Accepting these statements as true, and after reviewing the Video Footage, the court finds that the other officers did not have a realistic opportunity to intervene. First, the interaction between plaintiff and Officer Samot could not have been anticipated as plaintiff and Officer Samot walked toward each other. Further,

it is uncontroverted that the interaction between plaintiff and Officer Samot lasted no more than three seconds, and the push and the hit occurred within two seconds of each other. (*See* Defs.' 56.1 at ¶ 4; Video Footage, Ex. C at 9 second to 12 second mark.) Thus, there was not enough time for any officer, from a distance of six to ten feet, to intervene between a push and a hit occurring in a two-second span. Nor was there a realistic opportunity prior to the push for one of the other officers to intervene, because as plaintiff testified, he was not acting unlawfully before the interaction. By plaintiff's own testimony "there was no legal reason for [Officer Samot] to push a single one of us." (Pl. Opp., ECF No. 113 at 2 (citing Pl. Dep., Ex. A, ECF No. 116-1 at 126:14-15.)) Plaintiff's conduct prior to his interaction with Officer Samot did not draw the attention of the other police officers, and the push and the hit happened almost immediately, with the encounter lasting, at most, three seconds.

Accordingly, after drawing all reasonable inferences in favor of plaintiff, the court finds that the police officer defendants, other than Officer Samot, did not have a "realistic opportunity" to intervene in and prevent Officer Samot's alleged unlawful actions. *See Rogoz v. City of Hartford*, 796 F.3d 236, 251 (2d Cir. 2015) (finding that a juror could not rationally infer that the officers who were present had a realistic opportunity to prevent officer from jumping on plaintiff's back where the jump

was described as "fairly immediate"); *Elufe v. Aylward*, No. 09-CV-458(KAM)(LB), 2011 WL 477685, at *9 (E.D.N.Y. Feb. 4, 2011) ("Where the alleged force consists of a single push or a 'rapid succession' of blows, courts have found that the officer did not have a realistic opportunity to intervene.") (citation omitted); *O'Neill*, 839 F.2d at 11-12 (holding that the defendant officer lacked time to intervene because a different officer hit the plaintiff three times in "rapid succession"). Accordingly, defendants' motion for summary judgment on plaintiff's failure to intervene claim is granted.

## II. Defendants' Summary Judgment Motion as to Plaintiff's Supervisory Liability Claim Is Granted

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation and quotation marks omitted). In other words, "supervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Supervisory liability can be shown in one or more of the following ways: "(1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a

constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring." *Id.* at 145 (citation omitted).

Plaintiff did not specify in its pleadings which of the individual defendants he is seeking to hold liable under a theory of supervisory liability. Nor does plaintiff provide any facts as to other purportedly unconstitutional acts in which the supervisory officers engaged. In his opposition brief, however, plaintiff only addressed defendants Rzonca, Addesso and Taormina, the three defendants with higher rank than Officer Samot.[2] (Pl. Opp., ECF No. 113 at 7; Def.' Br., ECF No. 111 at 7 n.3.) Therefore, the court evaluates the supervisory liability claim as to defendants Rzonca, Addesso and Taormina, and considers plaintiff's supervisory liability claim against the other defendants abandoned. *See Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) (finding that a court may infer from a party's partial opposition to a motion for summary judgment that relevant claims or defenses that were not defended were abandoned).

Plaintiff has not articulated the theory of supervisory liability under which he brings his supervisory liability claim

---

[2] Defendants' Memorandum of Law identifies defendants Rzonca, Addesso and Taormina as the only individual defendants remaining in the action who outrank Officer Samot. (Def. Br., ECF No. 111 at 7 n.3.)

against defendants Rzonca, Addesso and Taormina. Nor has plaintiff otherwise presented, much less identified, admissible evidence that raises a triable issue of fact as to his supervisory liability claim against defendants Rzonca, Addesso and Taormina. Accordingly, defendants' motion for summary judgment on his supervisory liability claim must be, and is granted.

Plaintiff concedes that only Officer Samot was directly involved in the alleged excessive force. Thus, plaintiff has not provided admissible evidence giving rise to a material issue of fact as to "actual direct participation in the constitutional violation" by any supervisory officer. *Hernandez*, 341 F.3d at 145; *see also Sash v. United States*, 674 F. Supp. 2d 531, 544-46 (S.D.N.Y. 2009) (granting summary judgment for one officer where he was not present at the time of plaintiff's arrest and where there was no evidence that the officer used excessive physical force against plaintiff). Plaintiff alleges in his Amended Complaint that the NYPD Commanding Personnel were aware of "aberrant behavior and/or disciplinary infractions" and past complaints against Officer Samot that "posed an unreasonable risk of harm to the general public, including but not limited to, Judge Raffaele," but identifies no evidentiary support for this allegation. (*See* Am. Compl., ECF No. 112-1 at ¶ 215.) Plaintiff also alleges that defendants "failed to take any preventative and/or remedial measures to guard against the brutality." (*Id.* at

217.)  "[C]onclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002); *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) ("Conclusory allegations or denials" without supporting facts are "insufficient to raise a triable issue of material fact."). Plaintiff has not provided any admissible evidence supporting any of these allegations. Accordingly, the court finds that there are no triable issues of fact for a supervisory liability claim based on "failure to remedy a wrong after being informed through a report or appeal." *Hernandez*, 341 F.3d at 145.

Nor has plaintiff identified or presented evidence of a policy or custom that sanctioned Officer Samot's conduct. Allegations involving only a single incident are generally insufficient to demonstrate a policy or custom that establishes supervisory liability under § 1983. *See Lilly v. City of N.Y.*, No. 11 CIV. 194 JSR, 2011 WL 10894910, at *3 (S.D.N.Y. Aug. 24, 2011) ("'[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.'") (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)); *see also Davis*, 316 F.3d at 100 ("[C]onclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion."). Consequently, plaintiff has not established that there are triable

issues of fact as to his claim for supervisory liability on the theory that Officer Samot's conduct was sanctioned by a policy or custom. *See Hallock v. Bonner*, 567 F. Supp. 2d 334, 339 (N.D.N.Y. 2008) (granting summary judgment for supervisory federal customs officials where the record was "devoid of any evidentiary support" that they "created a relevant custom or policy, or acted negligently in their supervisory roles"), *aff'd*, 343 F. App'x. 633 (2d Cir. 2009).

Plaintiff also argues that the supervisory defendants were "grossly negligent in supervising" Officer Samot. (Pl. Opp., ECF No. 113 at 7.) As discussed above, plaintiff cannot predicate a § 1983 claim based on the injuries of non-parties, but may only complain of actions against, and injuries suffered by, himself. To the extent that plaintiff's supervisory claim is based on Officer Samot's actions with non-parties, prior to his interaction with plaintiff, his supervisory liability claims also fail. The record before the court is void of evidence showing that Officer Samot's actions, preceding his interaction with plaintiff, were unlawful.

Plaintiff further contends that after the encounter between plaintiff and Officer Samot, defendant Rzonca "actively sought to avoid taking a report from plaintiff" and that plaintiff was not disciplined after the incident. (Pl. Opp., ECF No. 113 at 7.) These arguments are unavailing, however, because the

purportedly lack of supervisory action after Officer Samot's alleged unconstitutional use of force could not have caused Officer Samot's conduct. *See Sash*, 674 F. Supp. 2d at 544–46 (finding that the officer's failure to create an arrest report within twenty-four hours of the arrest, in contravention of Probation Department rules, did not bear on the alleged use of excessive force and, therefore, was insufficient to support a supervisory liability claim). Plaintiff has not provided any admissible evidence showing a triable issue of fact as to his supervisory liability claim based on "grossly negligent supervision." *Hernandez*, 341 F.3d at 145; *see, e.g., Cicio v. Graham*, No. 9:08–CV–534, 2009 WL 537534, at *7 (N.D.N.Y. Mar. 3, 2009) ("Vague and conclusory allegations that a supervisor has failed to train or properly monitor the actions of subordinate employees will not suffice to establish the requisite personal involvement and support a finding of liability.")

As discussed above, plaintiff's failure to intercede claim fails as a matter of law. Thus, plaintiff's supervisory liability claim, based on a "failure to act on information indicating that unconstitutional acts were occurring" also fails because the other police officer defendants, including the supervising officers, had no realistic opportunity to intercede. *Hernandez*, 341 F.3d at 145; *see also Sash*, 674 F. Supp. 2d at 544–46 (granting summary judgment as to the failure to intercede claim

and a supervisory liability claim where plaintiff offered no evidence supporting either theory, and finding that no reasonable jury could conclude that the officer had a genuine opportunity to intercede when the incident lasted less than thirty seconds).

Accordingly, after reviewing the evidence before the court and drawing all inferences in favor of the plaintiff, the court finds that the plaintiff has not carried his burden of presenting admissible evidence establishing a genuine triable issue of fact regarding his supervisory liability claim. Thus, defendants are entitled to summary judgment on plaintiff's supervisory liability claim because "the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor." *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010); *see also Diaz v. City of N.Y.*, No. 00-CV-2944 (JMA), 2006 WL 3833164, at *8 (E.D.N.Y. Dec. 29, 2006) (granting summary judgment where plaintiff failed to set forth any specific facts showing a genuine issue for trial on any of the five bases for which one can bring a supervisory liability claim).[3]

---

[3] The court declines to reach the issue of qualified immunity, though briefed by the parties, because the court has found that there are no triable issues of material fact as to the failure to intercede claim and the supervisory liability claim.

## CONCLUSION

For the foregoing reasons, the court grants the defendants' partial motion for summary judgment and dismisses plaintiff's failure to intercede claim and his supervisory liability claim. The parties shall submit a joint status letter by March 23, 2017, advising the court whether they plan to move for summary judgment on the remaining claims or whether they wish to proceed to trial.

**SO ORDERED.**

Dated:      March 16, 2017
            Brooklyn, New York

                                    _____/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge